UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA ANDREW MARQUEZ, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:07CV361 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se Movant Joshua Andrew Marquez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed February 21, 2007. (Doc. No. 1). The matter is fully briefed and ready for disposition.

**BACKGROUND**

On February 10, 2006, Movant Joshua Andrew Marquez ("Movant" or "Defendant") plead guilty to one count of conspiracy with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). The Plea Agreement recommended a base offense level of 34. The Plea Agreement also recommended a full three level decrease if Movant accepted responsibility for his conduct under Section 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G."). The parties thus estimated a total offense level of 31, unless Movant qualified for the safety valve adjustment, in which case his total offense level would be 29. The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Report. Pursuant to the plea agreement, Movant waived his post-conviction rights, including both his appeal rights and his habeas corpus rights.

On April 28, 2006, after finding Movant did qualify for the safety valve adjustment, the Court sentenced Movant to 87 months imprisonment, followed by a three year term of supervised release. Movant did not appeal his conviction or sentence. As the Court construes the instant motion, filed February 21, 2007[1], Movant alleges the following six grounds for relief:

(1) That Movant received ineffective assistance of counsel, in that trial counsel failed to file a pre-trial Motion to Suppress Evidence;

(2) That Movant received ineffective assistance of counsel, in that trial counsel failed to discuss with Movant the pre-sentence investigation report (PSR), or to raise objections to the PSR at sentencing;

(3) That Movant received ineffective assistance of counsel, in that trial counsel failed to argue for a sentence reduction under U.S.S.G. § 3B1.2 based on Movant's minimal role in the conspiracy;

(4) That Movant received ineffective assistance of counsel, in that trial counsel failed to request a departure under U.S.S.G. § 5K2.20 for aberrant behavior;

(5) That Movant's plea of guilty was not made voluntarily or with an understanding of the nature of the charge or the consequences of the plea; and

(6) That Movant received ineffective assistance of counsel, in that trial counsel failed to argue for a sentence reduction under U.S.S.G. §§ 5K2.13 and 5H1.3, despite Movant's history of mental illness.

(§ 2255 Motion, PP. 2-6).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). As stated above, Movant entered a guilty plea on February 10, 2006, and was sentenced on April 28, 2006. The present motion, filed February 21, 2007, thus is within the 1-year limitation period pursuant to § 2255.

authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Ineffective Assistance Of Counsel Claims

#### A. Standard For Claim Of Ineffective Assistance Of Counsel

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

With these standards in mind, the Court turns to a discussion of Movant's claims of ineffective assistance of counsel.

### B. Ground 1

In Ground 1 of his § 2255 Motion, Movant alleges he was denied effective assistance of counsel in violation of the Sixth Amendment, in that his counsel failed to file a pre-trial Motion to Suppress Evidence. (§ 2255 Motion, PP. 2-4). Upon consideration, the Court finds that with this claim, Movant satisfies neither prong of the Strickland test. First, with respect to allegedly deficient performance, the Court notes that Respondent includes with its response an affidavit from Movant's trial attorney, stating in relevant part as follows:

> ....Counsel and an investigator [from] the office of the Federal Public Defender met with Mr. Marquez several times during the pendency of the case. Counsel spoke with Mr. Marquez frequently during that time. During these meetings and conversations, counsel and Mr. Marquez reviewed and evaluated the government's evidence including police reports. We discussed the case at length and the options available to Mr. Marquez.
>
> I discussed with Mr. Marquez his right to file pretrial motions and his right to have an evidentiary hearing on any motions. We considered potential issues which could serve as the basis for any pretrial motions. After these discussions, Mr. Marquez decided it was in his best interest to waive pretrial motions. Although I believe this issue is moot due to Mr. Marquez's waiver

> of pretrial motions, based on my review of the discovery and caselaw, it is my professional opinion that he would not have prevailed on a motion to suppress statements and evidence.

(Affidavit of Felicia A. Jones, ¶ 6). Under these circumstances, the Court finds Ms. Jones's actions in declining to file pre-trial motions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus her performance was not constitutionally deficient.

The Court further finds that with Ground 1, Movant fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged error, he would have insisted on proceeding to trial. As support for its ruling, the Court first notes that on November 23, 2005, Movant filed a waiver of pretrial motions, as follows:

> Comes now Defendant Joshua Marquez, through his attorney, Felicia A. Jones, Assistant Federal Public Defender, having been fully advised of his right to file pre-trial motions and to have an evidentiary hearing thereon hereby states that there are no issues that he wishes to raise by way of pre-trial motions in this cause. Counsel has personally discussed this matter with the Defendant and the Defendant agrees and concurs in the decision not to raise any issues by way of pre-trial motions.

(See Cause No. 4:05CR606 JCH, Doc. No. 29). United States Magistrate Judge Audrey G. Fleissig held a hearing on the matter, and found Movant "knowingly and voluntarily waived his right to file or proceed on pretrial motions and to an evidentiary hearing." (Id., Doc. No. 33). Finally, Movant executed a Plea Agreement, stating in relevant part as follows: "The defendant acknowledges and fully understands the following rights:....the right to file pre-trial motions, including motions to suppress evidence;....The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph." (Plea Agreement, Guidelines Recommendations and Stipulations, Doc. No. 5-3, P. 15). In light of these repeated public declarations of his intention to waive his right to file pre-trial motions, the Court finds no evidence

of prejudice to Movant resulting from Ms. Jones's failure to file the motions. Ground 1 of Movant's § 2255 Motion must therefore be denied.

**C.    Ground 2**

In Ground 2 of his § 2255 Motion, Movant alleges he received ineffective assistance of counsel, in that his trial counsel failed to discuss with Movant the PSR, or to raise objections to the PSR at sentencing. (§ 2255 Motion, PP. 2-4). Specifically, Movant maintains there were factual disputes between the facts as stated in the PSR, and what actually happened. (Brief in Support of § 2255 Motion, PP. 2-4).

Upon consideration, the Court holds it need not consider whether Movant's counsel's performance was deficient[3], as Movant fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged errors, he would have insisted on proceeding to trial. Rather, during the guilty plea proceeding, the District Court questioned Movant extensively regarding his decision to plead guilty, as follows:

| | |
|---|---|
| THE COURT: | Now, Mr. Marquez, have you had an opportunity to review the charge, the indictment in this case? |
| MOVANT: | Yes, ma'am. |
| THE COURT: | And have you had an opportunity to discuss that charge with Ms. Jones? |
| MOVANT: | Yes, ma'am. |
| THE COURT: | Do you have any questions about the charge itself? |
| MOVANT: | No, ma'am.... |
| THE COURT: | I have received a document entitled Plea Agreement, Guidelines Recommendations, and Stipulations. This is a 17- |

---

[3] In her affidavit, Movant's trial attorney attests she did in fact review the Presentence Investigation Report with Movant. (Affidavit of Felicia A. Jones, ¶ 6).

|  |  |
|---|---|
| | page document, and I have the original here in front of me. Do you have a copy there, Mr. Marquez, in front of you? |
| MOVANT: | Yes, Your Honor. |
| THE COURT: | Okay. Looking at page 17, which is the last page, is that your signature, the middle signature on page 17? |
| MOVANT: | Yes, Your Honor.... |
| THE COURT: | And you signed it this morning then? |
| MOVANT: | Yes, Your Honor.... |
| THE COURT: | Now, Mr. Marquez, have you had an opportunity to review and discuss the provisions of this document with Ms. Jones? |
| MOVANT: | Yes, Your Honor. |
| THE COURT: | And are you in agreement with everything contained in this document? |
| MOVANT: | Yes, Your Honor. |
| THE COURT: | Is there anything in the document with which you disagree? |
| MOVANT: | No, Your Honor. |
| THE COURT: | Do you have any questions about any provision of this document? |
| MOVANT: | No, Your Honor. |
| THE COURT: | Now, has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead guilty today? |
| MOVANT: | No, Your Honor. |
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |
| MOVANT: | No, Your Honor. |
| THE COURT: | Are you doing this of your own free will? |
| MOVANT: | Yes, ma'am, I am. |

(Change of Plea Hearing Transcript, PP. 4-7). The Court further questioned Movant as to his understanding of the possible penalties associated with his plea of guilty. (Id., PP. 7-11). Mr. Hoag[4] then stated the relevant facts in Movant's case were as follows:

> Your Honor, the Government's evidence would show that on October 23rd of 2005, a Defendant, Edgar Coronado, was driving a vehicle which was stopped in Franklin County, Missouri, for a traffic violation. After a brief conversation, he consented to a search of the vehicle, which was negative. The vehicle was rented at Enterprise Leasing but did not have Mr. Coronado as a driver. Enterprise Leasing instructed the police to tow it and hold it. Mr. Coronado was checked into a hotel in Franklin County, spent the night. The next morning, he was observed by a DEA surveillance team at another hotel in downtown St. Louis where he met the Defendant here, Mr. Marquez. They took a taxi out to where the vehicle was towed and attempted to secure the vehicle, but Enterprise Leasing had said that they wanted to take custody of it.
>
> Another search with the permission of Enterprise Leasing was conducted. The gas tank was removed, and 30 kilograms of cocaine were removed from the gas tank. Eventually, Mr. Coronado agreed to cooperate, indicated that he was transporting the vehicle, knew that there was either drugs or money in the gas tank because he could only go 150 miles with it. He indicated the Defendant and an individual by the name of Juan K-Dog were involved in this and that the Defendant had rented the vehicle and given it to him along with $300 to come up and drive the vehicle to St. Louis. That, in sum and substance, would be the Government's evidence.

(Id., PP. 12-13). Movant then testified under oath that he agreed with everything Mr. Hoag had stated, and that he had committed the acts as described by Mr. Hoag and in the stipulation. (Id., PP. 13-14). Based on Movant's representations during his change of plea proceeding, the Court held as follows:

> It is the finding of the Court in the case of United States versus Marquez that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is [a] knowing and voluntary plea supported by an independent basis in fact containing each of

---

[4] Dean Hoag was the Assistant United States Attorney assigned to Movant's case.

the essential elements of the offense in Count I. The plea to Count I is, therefore, accepted, and the Defendant is now adjudged guilty of that offense.

(Id., P. 14).

Finally, the Court notes that during his sentencing hearing, Movant was present when his attorney stated there were no objections to the PSR. (Sentencing Hearing Transcript, Cause No. 4:05CR606, Doc. No. 58, P. 2). Movant did not object to this representation. Instead, when asked if he would like to make a statement, Movant responded as follows:

> Yes, Your Honor. I would like to say that I'm truly sorry and regretful for the events that have brought me here and all of us here today, and I would like to apologize to my family, and I hope this in no way reflects on them.

(Id., P. 4).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Movant's own testimony demonstrates he acknowledged his role in the offense, and waived any objections to the PSR. Movant's second ground for relief must therefore be denied.

### D. Grounds 3, 4, and 6

In Ground 3 of his § 2255 Motion, Movant alleges he received ineffective assistance of counsel, in that trial counsel failed to argue for a sentence reduction under U.S.S.G. §3B1.2 based on Movant's minimal role in the conspiracy. (§ 2255 Motion, P. 5). In Ground 4 of his § 2255 Motion, Movant alleges he received ineffective assistance of counsel, in that trial counsel failed to request a departure under U.S.S.G. §5K2.20 for aberrant behavior. (Id.). In Ground 6 of his § 2255 Motion, Movant alleges he received ineffective assistance of counsel, in that trial counsel failed to argue for a sentence reduction under U.S.S.G. §§5K2.13 and 5H1.3, despite Movant's history of

- 9 -

mental illness. (Id., P. 6). Upon consideration, the Court finds that with these claims, Movant satisfies neither prong of the Strickland test.

1. **Deficient Performance**

With respect to allegedly deficient performance, the Court notes that in her affidavit, Movant's trial attorney states in relevant part as follows:

> Prior to entering a plea of guilty, I reviewed the applicability of potential guideline provisions. These included potential chapter five departures for aberrant behavior and diminished capacity and Section 3B1.2, mitigating role and minor participant. My review of the evidence and Mr. Marquez's background and admissions made by him about his conduct and role in the offense alleged made in the presence of myself and counsel for the government precluded, in my assessment, the applicability of these provisions.[5]

(Affidavit of Felicia A. Jones, ¶ 6). Under these circumstances, the Court finds Ms. Jones's decision not to pursue reductions based on Movant's allegedly minor role in the conspiracy, his aberrant behavior, or his diminished capacity, fell within the "wide range of professionally competent assistance" sanctioned by Strickland. Her performance thus was not constitutionally deficient.

2. **Prejudice**

   a. **Ground 3**

With respect to prejudice for Ground 3, the Court notes that as stated above, Movant admitted he rented the car utilized to transport illegal drugs, and provided money to the driver of that vehicle. (Change of Plea Transcript, PP. 12-14). Thus, although Movant may have been less culpable than others involved in the conspiracy, he nevertheless played an independent, significant role. See United States v. Ellis, 890 F.2d 1040, 1041 (8th Cir. 1989). Under these circumstances, the Court

---

[5] Ms. Jones did secure a reduction in Movant's sentence below the statutory minimum pursuant to U.S.S.G. 5C1.2, the "safety valve" provision. (Affidavit of Felicia A. Jones, ¶ 6).

finds Movant was ineligible for a sentence reduction under U.S.S.G. § 3B1.2, and thus his attorney's failure to seek such a reduction resulted in no prejudice. Ground 3 is denied.

### b. Ground 4

With respect to prejudice for Ground 4, the Court notes that in order to be entitled to a reduction under U.S.S.G. §5K2.20, "the offense must have been a single criminal occurrence or transaction that was committed without significant planning, was of limited duration, and represented a marked deviation by the defendant from an otherwise law-abiding life." United States v. Bueno, 443 F.3d 1017, 1023 (8th Cir. 2006), citing U.S.S.G. § 5K2.20. "The offense must have been more than something out of the defendant's character; it must have been a spontaneous and thoughtless act." Id. (citation omitted). As stated above, in the instant case Movant admitted to renting a car utilized to transport illegal drugs. (Change of Plea Transcript, PP. 12-14). Leasing a vehicle requires significant planning, and Movant offers no evidence that doing so for his employer here was spontaneous or thoughtless. Furthermore, §5K2.20 specifically prohibits downward departures where, as here, the "offense of conviction is a serious drug trafficking offense."[6] U.S.S.G. §5K2.20(c)(3). Under these circumstances, the Court finds Movant was ineligible for a sentence reduction under U.S.S.G. §5K2.20, and thus his attorney's failure to seek such a reduction resulted in no prejudice. Ground 4 is denied.

### c. Ground 6

With respect to prejudice for Ground 6, the Court notes a downward departure pursuant to U.S.S.G. §5K2.13 is available only when, "the significantly reduced mental capacity contributed

---

[6] Application Note 1 to U.S.S.G. §5K2.20 defines "serious drug trafficking offense" as "any controlled substance offense under title 21, United States Code, other than simple possession under 21 U.S.C. § 844, that provides for a mandatory minimum term of imprisonment of five years or greater, regardless of whether the defendant meets the criteria of §5C1.2."

substantially to the commission of the offense." U.S.S.G. §5K2.13(2). In the instant case, Movant offers absolutely no evidence that his post-traumatic stress or depression contributed substantially to his involvement in the conspiracy. Under these circumstances, the Court finds Movant was ineligible for a sentence reduction under U.S.S.G. §5K2.13, and thus his attorney's failure to seek such a reduction resulted in no prejudice. Ground 6 is denied.

**II.     Ground 5**

In Ground 5 of his motion, Movant alleges his plea of guilty was not made voluntarily, or with an understanding of the nature of the charge or the consequences of the plea. (§ 2255 Motion, PP. 5-6). As demonstrated in Section I(C), supra, however, this Court questioned Movant extensively with respect to his understanding of both the charge against him, and the consequences of his guilty plea. Movant responded under oath that he had committed the charged acts, and that he understood the rights he was waiving with the plea. (Change of Plea Transcript, PP. 7-14). Based on Movant's representations during his change of plea proceeding, this Court found as follows:

> It is the finding of the Court in the case of United States versus Marquez that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is [a] knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense in Count I. The plea to Count I is, therefore, accepted, and the Defendant is now adjudged guilty of that offense.

(Id., P. 14).

As stated above, "[s]olemn declarations in open court carry a strong presumption of verity." Smith v. Lockhart, 921 at 157 (internal quotations and citation omitted). This Court thus finds that Movant's own testimony demonstrates he acknowledged his role in the offense, and understood the consequences of his plea. Thus, there existed a factual basis to accept the plea, and Movant's fifth ground for relief must therefore be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 17th day of October, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE